**IN RE: Kim Joe GRAVES, also known as K-Rock, Movant**

**No. 16-11814**

United States Court of Appeals, Fifth Circuit.

Filed March 1, 2017

Kim Joe Graves, Pro Se

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: \*

Following the district court's transfer of this case to our court, Kim Joe Graves,

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal prisoner # 33646-177, moves for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his sentence for conspiracy to possess with intent to distribute and to distribute 50 grams or more of a controlled substance. In transferring the case, the district court determined that the § 2255 motion Graves filed in November 2016 was a second or successive § 2255 motion.

As a threshold matter, we must consider whether we have jurisdiction over this case. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012). To have had the authority to transfer Graves's § 2255 case to our court, the district court must have lacked jurisdiction to consider Graves's § 2255 motion because it was second or successive. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir.), *cert. denied*, —— U.S. ——, 136 S.Ct. 431, 193 L.Ed.2d 335 (2015); *Adams*, 679 F.3d at 321. Thus, we first resolve whether the § 2255 motion Graves filed in November 2016 constituted a second or successive § 2255 motion. *See Fulton*, 780 F.3d at 685.

Graves was granted relief on a § 2255 motion he filed in 2008. *See United States v. Graves*, 409 Fed.Appx. 780, 781 (5th Cir. 2011). As a result, the district court vacated his original sentence, resentenced him in July 2011, and issued a second criminal judgment. A § 2255 motion challenging a new, intervening judgment rendered following the grant of an initial § 2255 motion is not successive. *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) (*citing Magwood v. Patterson*, 561 U.S. 320, 341-42, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010)). "Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this [c]ourt's permission, depends on whether a new sentence has been imposed." *Lampton*, 667 F.3d at 588.

Graves's proposed § 2255 motion is his first challenging the new sentence imposed in 2011 and is thus not a second or successive motion within the meaning of § 2255(h). *See id.* Graves therefore does not need to obtain this court's authorization to file his proposed § 2255 motion. *See Magwood*, 561 U.S. at 323-24, 341-42, 130 S.Ct. 2788. Moreover, the district court's transfer order was improper, and we lack jurisdiction over the case. *See Adams*, 679 F.3d at 321.

Accordingly, IT IS ORDERED that Graves's motion for authorization to file a second or successive § 2255 motion is DENIED AS UNNECESSARY; the district court's transfer order is VACATED; and the case is REMANDED to the district court for consideration of Graves's § 2255 motion.